IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SERMENO, | No. 2:25-CV-02414-DJC-DMC |
| Plaintiff, | |
| v. | ORDER |
| ROB BONTA, et al., | And |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1, motion to appoint counsel, ECF No. 3, motion for expedited settlement conference, ECF No. 4, motion for expedited review, ECF No. 5, motion for limited discovery, ECF No. 6, motion for judicial notice, ECF No. 8, and request for criminal referral, ECF No. 9.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3),

the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the original complaint on August 25, 2025. See ECF No. 1. Plaintiff names the following as defendants: (1) Rob Bonta and (2) California Department of Justice. See id. at 1. Plaintiff contends that "although Plaintiff was sentenced to Post release Community Supervision (PRCS) under California Penal Code § 3451, he was unlawfully reassigned to state parole by the California Department of Corrections and Rehabilitation (CDCR), without judicial authority or procedural due process." Id. at 2. Plaintiff asserts that he is seeking "declaratory, injunctive, and monetary relief pursuant to Ex parte Young." Id. Plaintiff contends that Defendant Bonta is sued in his official capacity "for supervising the enforcement of California law, including matters of [PRCS]." Id. at 3. Plaintiff asserts that Defendant California Department of Justice "is sued for purposes of injunctive relief only under Ex parte Young." Id. at 3-4.

Plaintiff contends that he was sentenced on September 5, 2024, to PRCS but on October 10, 2024, he was informed that he would be "released to state parole supervision rather than PRCS." Id. at 4. Plaintiff asserts that he did not receive any hearing, written notice, or legal justification for this "deviation from the sentencing court's judgment." Id. According to Plaintiff, he "pursued all available grievance mechanisms through CDCR and Butte County Probation" from March 2025, through May 2025. Id. Plaintiff asserts that he told California Department of justice "about these violations" in July 2025, but no corrective action was taken. See id. at 5. Plaintiff contends that parole conditions are more restrictive than PRCS, including GPS monitoring and housing restrictions. See id. Plaintiff asserts that "Defendants' failure to act is part of a broader, racially disparate pattern of non-enforcement of sentencing laws, disproportionately impacting Black Californians." Id. Plaintiff asserts fourteen claims for relief and seeks injunctive and declaratory relief from his parole designation, as well as attorney's fees and compensatory damages. See id. at 6-28.

///

///

Attached to the complaint, Plaintiff included a motion for preliminary injunction and exhibits that purport to be copies of the California Reparations Report, Screenshots of Plaintiff's Butte County Superior Court docket in case No. C24CF02944, and a screenshot of Plaintiff's state habeas petition "regarding execution of sentence PRCS/Parole issues directly related to the issues herein." See id. at 4-9 and ECF No. 1-2.

On September 4, 2025, Plaintiff filed a motion for judicial notice. See ECF No. 8. Plaintiff asserts that he is pursing a writ of habeas corpus in the California Court of Appeal, Third Appellate District, in case No. 104355. See id. at 1. Plaintiff contends that on August 14, 2025, "the Clerk for the Third District issued a letter directing the Attorney General to file an informal opposition, explicitly identifying Petitioner's contention that his current parole supervision is in violation of the trial court's September 5, 2024 sentencing order." Id. Plaintiff attaches a copy of that letter to the motion. See id. at 3.

## II.  DISCUSSION

In this action, Plaintiff seeks relief from what he describes as an unlawful imposition of parole when Plaintiff was eligible for PRCS, which has much less restrictive requirements and opportunities for programming than parole. See ECF No. 1. After a review of the California Court of Appeal for the Third District docket, this Court finds that Plaintiff is concurrently seeking an appeal in the underlying state case (Case Number C102419). As such, Younger abstention is appropriate and the undersigned will recommend dismissal of this action.

When state court proceedings are ongoing, federal action may be barred under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971).  Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). While Younger established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court, see Younger, 401 U.S. at 49-53, the doctrine has subsequently been extended to

1  "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a
2  state's interest in enforcing the orders and judgments of its courts. . . ," See Sprint Commc'ns,
3  Inc. v. Jacobs, 571 U.S. 69, 70 (2013) (citations and quotations omitted). To warrant Younger
4  abstention, a state civil action must fall into one of the above categories.

5        As a preliminary matter, the undersigned will grant Plaintiff's request for judicial
6  notice. See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (courts may properly take
7  judicial notice of state court dockets and pleadings). This Court confirms what Plaintiff states in
8  ECF No. 8, that on August 14, 2025, a letter was sent to Respondent in Plaintiff's habeas action
9  in the California Court of Appeal for the Third District case No. 104355. A review of the docket
10 reflects that the petition for habeas corpus was denied and the case was closed on September 12,
11 2025. However, this Court additionally finds and takes judicial notice of the fact that Plaintiff is
12 currently pursuing an appeal for trial case No. 24CF02944, the underlying case in this action.

13       Thus, Plaintiff seeks relief from parole restrictions and simultaneously is seeking
14 relief in the same underlying case with the California Court of Appeal. See ECF Nos. 1 and
15 California Court of Appeal for Third Appellate District docket case No. C102419 (trial case No.
16 24CF02944). Given Plaintiff seeks declaratory and injunctive relief for allegations arising from
17 an ongoing state proceeding, such relief would interfere with pending state court proceedings.
18 Additionally, an appeal of a criminal prosecution is akin to a criminal prosecution and implicates
19 the state's interest in enforcing the orders and judgements of its' courts. See Sprint Commc'ns,
20 Inc., 571 U.S. at 70. Thus, the undersigned will recommend exercising Younger abstention and
21 dismissing this action, without prejudice.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends that:

1. It is ORDERED that Plaintiff's motion for judicial notice, ECF No. 8, be GRANTED;
2. It is RECOMMENDED that this Court abstain from exercising jurisdiction pursuant to Younger;
3. It is therefore RECOMMENDED that this action be DISMISSED, without prejudice; and
4. It is RECOMMENDED that all other pending motions, ECF Nos. 3, 4, 5, 6, and 9 be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 28, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE