**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY SERMENO, | No.  2:25-CV-02414-DJC-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROB BONTA, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the Court is Plaintiff's motion for reconsideration, ECF No. 14.

## I. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff filed the original complaint on August 25, 2025. See ECF No. 1. Plaintiff names the following as defendants: (1) Rob Bonta and (2) California Department of Justice. See id. at 1. Plaintiff contends that "although Plaintiff was sentenced to Post release Community Supervision (PRCS) under California Penal Code § 3451, he was unlawfully reassigned to state parole by the California Department of Corrections and Rehabilitation (CDCR), without judicial authority or procedural due process." Id. at 2. Plaintiff asserts that he is seeking "declaratory, injunctive, and monetary relief pursuant to Ex parte Young." Id. Plaintiff contends that Defendant

1

Bonta is sued in his official capacity "for supervising the enforcement of California law, including matters of [PRCS]." Id. at 3. Plaintiff asserts that Defendant California Department of Justice "is sued for purposes of injunctive relief only under Ex parte Young." Id. at 3-4.

Plaintiff contends that he was sentenced on September 5, 2024, to PRCS but on October 10, 2024, he was informed that he would be "released to state parole supervision rather than PRCS." Id. at 4. Plaintiff asserts that he did not receive any hearing, written notice, or legal justification for this "deviation from the sentencing court's judgment." Id. According to Plaintiff, he "pursued all available grievance mechanisms through CDCR and Butte County Probation" from March 2025, through May 2025. Id. Plaintiff asserts that he told California Department of justice "about these violations" in July 2025, but no corrective action was taken. See id. at 5. Plaintiff contends that parole conditions are more restrictive and PRCS, including GPS monitoring and housing restrictions. See id. Plaintiff asserts that "Defendants' failure to act is part of a broader, racially disparate pattern of non-enforcement of sentencing laws, disproportionately impacting Black Californians." Id. Plaintiff asserts fourteen claims for relief and seeks injunctive and declaratory relief from his parole designation, as well as attorney's fees and compensatory damages. See id. at 6-28.

B.    **Procedural History**

In screening Plaintiff's original complaint, the undersigned issued findings and recommendations:

> Given Plaintiff seeks declaratory and injunctive relief for allegations arising from an ongoing state proceeding, such relief would interfere with pending state court proceedings. Additionally, an appeal of a criminal prosecution is akin to a criminal prosecution and implicates the state's interest in enforcing the orders and judgements of its' courts. See Sprint Commc'ns, Inc., 571 U.S. at 70. Thus, the undersigned will recommend exercising Younger abstention and dismissing this action, without prejudice.

ECF No. 11, pg. 4.

The District Judge adopted the recommendations in full, dismissed the action, and closed the case. See ECF No. 12.

///

///

## II. DISCUSSION

Plaintiff filed a motion for reconsideration, asserting that "[t]he Court committed legal error" in dismissing Plaintiff's entire complaint because Plaintiff sought damages in addition to injunctive relief. See ECF No. 14, pgs. 2-3.  Plaintiff contends that the Ninth Circuit has held that Younger abstention is appropriate as to injunctive relief, but not damages. See id. (citing Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004)). Plaintiff next asserts that there are new and material facts before the Court that additionally provide grounds for reconsideration. See id. at 4. Specifically, Plaintiff contends that his habeas petition is pending before the California Supreme Court, which necessitates a stay in this action, pending resolution of the Plaintiff's state habeas petition. See id.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3).  A motion for reconsideration on any of these grounds must be

brought within one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  A motion for reconsideration on any of these grounds must be brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

When state court proceedings are ongoing, federal action may be barred under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971).  Younger abstention is concerned with overlapping principles of equity, comity, and federalism and directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local court proceedings in certain situations. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). While Younger established that federal courts must refrain from enjoining or interfering with a parallel, pending criminal proceeding in state court, see Younger, 401 U.S. at 49-53, the doctrine has subsequently been extended to "particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a state's interest in enforcing the orders and judgments of its courts. . . ," See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 70 (2013) (citations and quotations omitted). To warrant Younger abstention, a state civil action must fall into one of the above categories.

Younger abstention applies differently to claims for monetary damages and claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004). But where monetary damages are sought, the federal court should stay, rather than dismiss those claims, until after the state court proceedings are no longer pending. Id. at 981-82.

This Court takes judicial notice of Plaintiff's state court filings. See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (courts may properly take judicial notice of state court dockets and pleadings). Specifically, as Plaintiff stated in his motion, he filed a petition for writ of habeas corpus with California Supreme Court, case number S293239, on September 29, 2025, which remains pending.

4

Plaintiff brings his motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). The Court finds that under either Rule 60 (b) or 59(e), reconsideration is appropriate because Younger abstention is not necessary to the extent that Plaintiff is seeking damages, not injunctive relief. Therefore, the undersigned will recommend the Court grant Plaintiff's motion for reconsideration and reopen the case.

Given the Court finds that Younger abstention is appropriate only as to injunctive and declaratory relief, the undersigned will recommend dismissal of Plaintiff's claims which only seek injunctive and declaratory relief, Claim 1 and Claim 2.  Plaintiff asserts that Defendant California Department of Justice "is sued for purposes of injunctive relief only," and therefore, the undersigned will recommend dismissal of Defendant California Department of Justice. As to Plaintiff's remaining claims against Defendant Bonta, seeking damages, the undersigned finds Younger abstention is not necessary but the matter should be stayed pending resolution of Plaintiff's state habeas action. See Gilbertson, 381 F.3d at 981-982. Upon resolution of Plaintiff's state habeas action, the Court may proceed with screening Plaintiff's remaining claims.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. It is RECOMMENDED that Plaintiff's motion for reconsideration, ECF No. 14, be GRANTED;

2. It is RECOMMENDED that the Court's December 8, 2025, order be VACATED;

3. It is RECOMMENDED that the findings and recommendations, ECF No. 11, be VACATED;

4. It is RECOMMENDED that Plaintiff's claims for declaratory and injunctive relief (Claim 1 and Claim 2) be DISMISSED WITHOUT LEAVE TO AMEND pursuant to Younger abstention;

///

5

5.    It is RECOMMENDED that Defendant California Department of Justice be DISMISSED WITHOUT LEAVE TO AMEND pursuant to Younger abstention;

6.    It is RECOMMENDED that the matter be stayed, pending resolution of Plaintiff's state habeas action; and

7.    It is RECOMMENDED that Plaintiff be directed to file a status report every ninety (90) days to inform the Court of the status of his state habeas action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  February 13, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6