**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY SERMENO,<br>Plaintiff,<br>v.<br>ROB BONTA, et al.,<br>Defendants. | No. 2:25-cv-2414-DJC-ICD<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, who is proceeding *pro se*, brings this civil action. On August 20, 2026, the Court issued an order determining that service of the complaint is appropriate. That order required Plaintiff to submit to the United States Marshal, within 15 days of the date of service of the order, a completed summons and copies of the complaint, and file a statement with the Court within 20 days that said documents have been submitted. On September 25, 2026, the Court granted Plaintiff's motion for an extension of time to comply with the August 20, 2026, order and directed that Plaintiff file a notice of submission of service documents to the United States Marshal within 30 days of the date of the order. Plaintiff has been warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. *See* E.D. Cal. L.R. 110. More than 30 days have elapsed and Plaintiff has not complied.

The Court must weigh five factors before imposing the harsh sanction of dismissal. *See Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See id.*; *see also Ghazali v. Moran*, 46 F.3d 52,

53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. *See Malone*, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of Plaintiff's failure to prosecute this case as directed, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned RECOMMENDS that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE